IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GROVE CITY VETERINARY SERVICE, LLC; HEATHER M. FEES, DVM; HEATHER FEES, DVM, LLC; THOMAS L. BALTZELL; and POLARIS VETERINARY SERVICE, LLC<br><br>        Plaintiffs,<br><br>v.<br><br>CHARTER PRACTICES INTERNATIONAL, LLC,<br><br>        Defendant. | No. 3:13-CV-02276-AC<br><br>ORDER |

BROWN, Judge.

Magistrate Judge John V. Acosta issued Findings and Recommendation (#215) on February 5, 2016, in which he recommends the Court grant in part and deny in part the Motion (#126) for Summary Judgment of Defendant Charter Practices International, LLC (CPI), and deny with leave to renew CPI's Motion (#126) for

1 - ORDER

Attorneys' Fees. Defendant filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

In its Objections Defendant reiterates the arguments contained in its Motion for Summary Judgment and Reply and stated at oral argument. This Court has carefully considered Defendant's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation (#215). Accordingly, the Court **DENIES** with leave to renew Defendant CPI's Motion (#126) for Attorneys' Fees and **GRANTS in part** and **DENIES in part** Defendant's Motion (#126) for

2 - ORDER

Summary Judgment as follows:

1. **GRANTS** as to Plaintiffs' First Claim for breach of contract;

2. **GRANTS** as to the portion of Plaintiffs' Second Claim for breach of the implied covenant of good faith and fair dealing that arose before January 1, 2013;

3. **DENIES** as to the portion of Plaintiffs' Second Claim for breach of the implied covenant of good faith and fair dealing that arose after January 1, 2013;

4. **GRANTS** as to Plaintiffs' Third Claim for hostile work environment in violation of Title VII, 42 U.S.C. § 2000e-3;

5. **GRANTS** as to Plaintiffs' Fourth Claim for retaliation in violation of Title VII, 42 U.S.C. § 2000e-3;

6. **GRANTS** as to Plaintiffs' Fifth Claim for hostile work environment in violation of Oregon Revised Statute § 659A.030;

7. **GRANTS** as to Plaintiffs' Fifth Claim for retaliation in violation of Oregon Revised Statute § 659A.030;

8. **GRANTS** as to Plaintiffs' Sixth Claim for negligent supervision and retention;

9. **GRANTS** as to Plaintiffs' Seventh Claim for intentional infliction of emotional distress (IIED) to the extent that Plaintiff Heather M. Fees may not rely on the

      alleged 2008 assault as a basis for her IIED claim; and

10. **DENIES** as to the remainder of Plaintiffs' Seventh Claim for IIED.

This matter will proceed only as to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing that arose after January 1, 2013, and for the portion of Plaintiffs' IIED claim that does not involve the alleged 2008 assault.

IT IS SO ORDERED.

DATED this 11th day of March, 2016.

_____
ANNA J. BROWN
United States District Judge